UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. **2:21-4864-DSF (MAR)**　　　　　　　　　　Date: June 24, 2021

Title: *Raymond Michael Hennings v. B. Cates*

Present: The Honorable: MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA VALENCIA | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE SUMMARILY DISMISSED AS UNTIMELY OR UNEXHAUSTED

## I.
## INTRODUCTION

Raymond Michael Hennings ("Petitioner"), proceeding pro se, has constructively[1] filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 ("section 2254") challenging his 2016 conviction. ECF Docket No. ("Dkt.") 1 at 2. The Petition appears to be untimely and therefore subject to dismissal. Id. at 3, 42. Moreover, the fifth claim appears subject to dismissal because it is unexhausted. Id. at 7. However, the Court will not make a final determination regarding whether the Petition should be dismissed without giving Petitioner an opportunity to (1) explain why the Petition is not untimely and (2) to either request a stay or file an amended petition, striking the unexhausted claim.

## II.
## PROCEDURAL HISTORY

### A.　　STATE COURT PROCEEDINGS

Petitioner challenges his July 5, 2016 convictions for robbery in the second degree (Cal. Penal Code § 212.5), assault with a deadly weapon (Cal. Penal Code § 245(c)), and battery (Cal. Penal Code § 243(e)(1)). Dkt. 1 at 2. Petitioner was sentenced to ten (10) years for the robbery, one (1) year for using a knife (Cal. Penal Code § 667(a)(1)), and ten (10) years for his two (2) prior strikes for a total of twenty-one (21) years in state prison. Id.

On May 4, 2018, the California Court of Appeal affirmed the conviction. Id. at 2–3. Petitioner then filed a petition for review with the California Supreme Court, which was denied on July 11, 2018. Id. at 3.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

### B.   STATE HABEAS PROCEEDINGS

On July 11, 2019, exactly a year after denial of Petitioner's writ of certiorari, Petitioner filed a state habeas petition. Dkt. 1 at 3, 35. The petition presented the following four (4) claims:

(1)  Violation of Petitioner's right to self-representation;
(2)  Ineffective assistance of trial counsel;
(3)  Insufficient evidence to convict; and
(4)  Judicial misconduct.

Id. at 3–4, 35. The California Superior Court denied the petition on July 26th, 2019. Id. at 36. The California Appellate Court affirmed the Superior Court's denial on February 21, 2020. Id. at 37. Petitioner then submitted a petition for review with the California Supreme Court, which was denied on April 22, 2020. Id. at 42.

### C.   FEDERAL HABEAS PROCEEDINGS

On May 25, 2021, Petitioner filed the instant Petition challenging his 2016 conviction. The Petition presents the following five (5) claims:

(1)  Violation of Petitioner's right to self-representation ("Claim One");
(2)  Ineffective assistance of trial counsel ("Claim Two");
(3)  Insufficient evidence to convict ("Claim Three");
(4)  Judicial misconduct ("Claim Four"); and
(5)  Ineffective assistance of appellate counsel ("Claim Five").

Id. at 5–7.

## III.
## DISCUSSION

### A.   THE PETITION IS UNTIMELY AND SUBJECT TO DISMISSAL

#### 1.   The Petition was filed after AEDPA's one-year limitations period

##### a.   Applicable law

AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final

by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court." Porter v. Ollison, 620 F.3d 952, 958–59 (9th Cir. 2010) (citations omitted).

### b. Analysis

Here, Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA. Dkt. 1. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956–57 (9th Cir. 2014).

Petitioner's conviction became final on October 9, 2018, i.e., ninety (90) days after the California Supreme Court denied Petitioner's petition for review on July 11, 2018. See Dkt. 1; see also Porter, 620 F.3d at 958–59 (direct review becomes final ninety (90) days after decision of state's highest court). AEDPA's one-year limitations period commenced the next day, October 10, 2018, and expired on October 10, 2019. 28 U.S.C. § 2244(d)(1). However, Petitioner filed the Petition on May 25, 2021. Dkt. 1 at 8. Therefore, in the absence of a later trigger date or any applicable tolling, the Court deems the Petition untimely under 28 U.S.C. § 2244(d)(1) ("section 2244(d)(1)"). Thompson, 681 F.3d at 1093.

## 2. Petitioner is not entitled to a later trigger date

### a. Applicable law

Pursuant to section 2244(d)(1), there are three (3) situations where a petitioner may be entitled to a later trigger date of the one-year limitation period beyond the date of his conviction becoming final. 28 U.S.C. § 2244(d)(1).

First, under Subsection (B), if a state action prevented a petitioner from filing a federal habeas claim in violation of the Constitution or laws of the United States, the limitations period begins to run on "the date on which the impediment to filing an application created by State action . . . is removed[.]" 28 U.S.C. § 2244(d)(1)(B).

Second, under Subsection (C), if a right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, the limitations period begins to run on the "date on which the constitutional right asserted was initially recognized by the Supreme Court[.]" 28 U.S.C. § 2244(d)(1)(C).

Third, under Subsection (D), if a petitioner brings newly-discovered claims, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented

could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). However, "AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas application on an individual basis." Mardesich v. Cate, 668 F.3d 1164, 1171 (9th Cir. 2012). A different triggering date, therefore, may apply to each claim in a petition. Id.

"The statute of limitations begins to run under § 2244(d)(1)(D) when the factual predicate of a claim 'could have been discovered through the exercise of due diligence,' not when it actually was discovered." Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012) (emphasis added). "Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (citation omitted). In addition, "[t]he question is when petitioner had the essential facts underlying his claim, not when he obtained additional evidence supporting his claim." Coley v. Ducart, No. 2:16-1168-AC (P), 2017 WL 714304, at *4 (E.D. Cal. Feb. 23, 2017) (emphasis added).

### b. Analysis

Here, Petitioner does not appear to be entitled to a trigger date beyond the date on which his conviction became final. See 28 U.S.C. § 2244(d)(1).

First, Petitioner does not show he is entitled to a later trigger date under Subsection (B) because he does not identify any state action that prevented him from filing a federal habeas claim in violation of the Constitution or laws of the United States. 28 U.S.C. § 2244(d)(1)(B).

Second, Petitioner does not show he is entitled to a later trigger date under Subsection (C) because he does not identify a newly recognized right made retroactively available to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C).

Finally, to the extent Petitioner may argue he is entitled to a later trigger date for newly discovered claims under Subsection (D), Petitioner has not identified any evidence that could not have been discovered before his conviction became final. 28 U.S.C. § 2244(d)(1)(D); Ford, 683 F.3d at 1235.

Hence, Petitioner has not shown he is entitled to a later trigger date for any of the grounds set forth in the Petition.

### 3. Statutory tolling does not render the Petition timely

### a. Applicable law

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with

respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)). The gaps in between different "rounds" of review may be tolled if (1) subsequent petitions were "limited to an elaboration of the facts relating to the claims in the first petition" and (2) the subsequent petitions "were ultimately denied on the merits." King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).

### b.     Analysis

AEDPA's one-year statute of limitations commenced on October 10, 2018 and ran for 274 days before Petitioner filed his state habeas petition on July 11, 2019. See 28 U.S.C. § 2244(d)(1); Dkt. 1 at 3. Petitioner's state post-conviction proceedings concluded on April 22, 2020 when the California Supreme Court denied Petitioner's petition for review. Dkt. 1 at 42. Assuming gap tolling applies to the periods in between Petitioner's state court petitions, the statute of limitations then recommenced on April 23, 2020 and ran for the remaining ninety-one (91) days until it expired on July 23, 2020. Petitioner filed the instant petition on May 25, 2021. Id. at 8. Therefore, even if gap tolling applies, statutory tolling does not render the Petition timely.

### 4.     Equitable tolling does not render the Petition timely

### a.     Applicable law

In addition to the statutory tolling provided for by 28 U.S.C. § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015).

### b.     Analysis

Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim. Thus, equitable tolling does not render the Petition timely. Bills, 628 F.3d at 1097.
///
///
///
///

**B.   CLAIM FIVE HAS NOT BEEN PROPERLY EXHAUSTED AND IS SUBJECT TO DISMISSAL**

   **1.   Applicable law**

   A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a petitioner must fairly present his or her federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the petitioner's federal rights.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).  A petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process to properly exhaust a claim.  O'Sullivan, 526 U.S. at 845.

   For a petitioner in California custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court.  See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).  A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim."  Gatlin, 189 F.3d at 888.

   **2.   Analysis**

   Although Petitioner filed a petition for review with the California Supreme Court, his petition did not include Claim Five.  Dkt. 1 at 4-7.  In his petition for review, Petitioner claimed ineffective assistance of *trial* counsel as his second claim.  Id. at 4.  This claim is legally related to, but factually distinct from Claim Five that Petitioner's *appellate* counsel offered ineffective assistance.  Id. at 6.  In fact, Petitioner does not argue that Claim Five is identical to any of his other claims and instead appears to concede that Claim Five has not been fairly presented to the California Supreme Court.  Id. at 7 ("If any of the grounds listed in paragraph 8 were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons: Ground Five 'Ineffective Assistance of Appellate Counsel.'").  Therefore, Claim Five is not properly exhausted and appears subject to dismissal.

**IV.
ORDER**

   Thus, the Court **ORDERS** Petitioner to respond to this Order to Show Cause **no later than July 26, 2021.**  The Court will consider any of the following three (3) options an appropriate response to this Order:

(1) Address the timeliness issue by filing a written response explaining the Petition is not untimely **and** address the exhaustion issue by filing a motion requesting a stay pursuant to either Rhines v. Weber, 544 U.S. 269 (2005) ("Rhines stay") or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) ("Kelly stay")

(2) Address the timeliness issue by filing a written response explaining the Petition is not untimely **and** address the exhaustion issue by filing a First Amended Petition, striking Claim Five; or

(3) Voluntarily dismiss this action without prejudice. Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court has attached A Notice of Dismissal form.**

If Petitioner fails to demonstrate the Petition is not untimely, the Court will dismiss the Petition with prejudice. Alternatively, if Petitioner can show that the Petition is not untimely, but fails to show either that Claim Five is exhausted, that Petitioner is entitled to a stay, **or fails to respond by July 26, 2021,** the Court will dismiss the Petition without prejudice.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | ev |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
|---|---|
| Plaintiff(s), | |
| v. | |
| | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |
| Defendant(s). | |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____
is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____  _____
*Date*  *Signature of Attorney/Party*

*NOTE: F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.*

*F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.*